# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

October 14, 1998

Cecil W. Crowson
Appellate Court Clerk

MONTY TURNER,                )
                             )
        Petitioner/Appellant,    )
                             )     Appeal No.
                             )     01-A-01-9802-CH-00089
VS.                          )
                             )     Davidson Chancery
                             )     No. 97-2665-III
DONAL CAMPBELL,              )
COMMISSIONER TENNESSEE       )
DEPARTMENT OF CORRECTION,    )
                             )
        Respondent/Appellee.     )


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


MONTY TURNER
#89388
P. O. Box 1000
Henning, Tennessee 38041-1000
        Pro Se/Petitioner/Appellant

JOHN KNOX WALKUP
Attorney General & Reporter

MARK A. HUDSON
Cordell Hull Building, Second Floor
425 Fifth Avenue North
Nashville, Tennessee 37243-0488
        Attorney for Respondent/Appellee


AFFIRMED AND REMANDED


BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, J.

# MEMORANDUM OPINION[1]

Monty Turner, an inmate in the custody of the Tennessee Department of Correction, sought a declaratory judgment that he was entitled to mandatory parole under Tenn. Code Ann. § 40-28-117(b)(1). The trial court dismissed the Petition for Declaratory Judgment, holding that the mandatory parole provisions found in the above-mentioned statute are not applicable to felons convicted after the effective date of the Tennessee Criminal Sentencing Reform Act of 1982. We affirm the trial court.

## I.

The Tennessee Legislature created mandatory parole in 1974 by an Act which added the following language to Tenn. Code Ann. § 40-3614:

> Every prisoner not otherwise paroled shall be mandatorily released to and under the supervision of the Division of Probation and Paroles subject to the following restrictions:
>
> 1. Prisoners serving sentences with maximum terms of ten (10) years or less shall be released ninety (90) days prior to the completion of the maximum term of sentence less all credits granted by law.
>
> 2. Prisoners serving sentences with maximum terms of over ten (10) years shall be released six (6) months prior to the completion of the maximum term of sentence less all credits granted by law.

1974 Tenn. Public Acts, ch. 624, § 5.

A further amendment to Tenn. Code Ann. § 40-3614 in 1975 altered the qualifying language for mandatory parole from "every prisoner not otherwise paroled"

---

[1] Rule 10(b) of the Rules of the Court of Appeals reads as follows:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

to "every prisoner who has never been granted a parole by the Board on a particular sentence of imprisonment." 1975 Tenn. Public Acts, ch. 99, § 1. Tenn. Code Ann. § 40-3614 was later renumbered, and the mandatory parole statute is now found at Tenn. Code Ann. § 40-28-117(b).

In 1982, the Legislature almost totally revised the laws involving sentencing and eligibility for release and parole. Although the Tennessee Criminal Reform Sentencing Act of 1982, Tenn. Code Ann. § 40-35-101, et seq., did not explicitly repeal the mandatory parole statute, a 1983 amendment to Tenn. Code Ann. § 40-35-503 of the Act, appears to be inconsistent with the concept of mandatory parole:

> (a) The determination of whether a defendant convicted of a felony and sentenced to one (1) year or more who has not previously been granted release classification status under this section should be granted such status, shall be made by the administrative authority vested by law with authority over pardons and paroles.

1983 Tenn. Public Acts, ch. 406, § 12.

## II.

In 1989, Mr. Turner was convicted of three felonies, and received a nine year sentence and two concurrent six year sentences. As the end of his sentence approached, he filed a Petition for a Declaratory Order with the Department, asking it to rule that he was entitled to be released on mandatory parole ninety days before his sentence expired. The Department denied his petition. He then filed a Petition for Declaratory Judgment in the Chancery Court of Davidson County.

The State filed a Motion to Dismiss the Petition, arguing that Tenn. Code Ann. § 40-28-117(b) had been repealed by implication, upon the enactment of the Tennessee Criminal Reform Sentencing Act of 1982. The chancery court granted the motion, but ruled that Tenn. Code Ann. § 40-28-117(b) was still effective, but was only

applicable to those individuals convicted prior to May 26, 1983, the effective date of the 1982 Reform Act.

Since Mr. Turner was convicted in 1989, the court ruled that he was not entitled to mandatory parole. The court recited that it had relied both upon a review of the applicable statutes, and a statement by the Legislature in Tenn. Code Ann. § 40-28-117(a) that parole is a privilege, and not a right.

Mr. Turner argues on appeal that the trial court erred in ruling that Tenn. Code Ann. § 40-35-503 was meant to apply to anything other than the traditional type of discretionary parole. We note, however, that the statute apparently refers to the same class of prisoners as were dealt with under the old mandatory parole statute, namely those who had never previously been granted parole. We are therefore persuaded that the chancellor is correct.

## III.

The judgment of the trial court is affirmed. Remand this cause to the Chancery Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JUDGE

_____
WILLIAM B. CAIN, JUDGE